**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

IN RE: DONALD H. GRODSKY                                    **CIVIL ACTION**

                                                           **No. 14-1341**

                                                           **SECTION I**

## ORDER AND REASONS

Before the Court is an appeal[1] filed by appellants, John T. LaMartina-Howell and Pooter T, LLC, who are interested parties in the underlying bankruptcy proceeding, from an order[2] by the U.S. Bankruptcy Court approving a compromise between David C. Adler, trustee of the Chapter 7 bankruptcy estate, and Lake Villas No. II Homeowners Association, Inc. ("Lake Villas"). For the following reasons, the bankruptcy court's order is **AFFIRMED**.

## BACKGROUND

The compromise at issue concerns a mortgage note on a condominium unit whose ownership is in dispute. Appellants contend that they are the true owners of the note, the trustee contends that the note is part of the bankruptcy estate, and Lake Villas contends that it has a claim against the property for unpaid condominium fees. The parties are presently litigating in state court to determine the true ownership of the note, which will in turn affect whether the note is a part of the bankruptcy estate.

In light of the protracted nature of the state court litigation, "the Trustee and Lake Villas reached a compromise of the claims existing between the [bankruptcy] Estate and Lake Villas,

---

[1] R. Doc. No. 1.
[2] R. Doc. No. 1-2.

subject to [the bankruptcy court's] approval."[3] Rather than incur the expense of continued litigation "over an all-or-nothing proposition,"[4] the trustee and Lake Villas agreed to split the proceeds of a foreclosure against the condominium unit, minus certain expenses,[5] which the trustee anticipates will "result in the 100% payment in full of the timely-filed, allowed unsecured claims in this case."[6] Importantly, the compromise is only binding on the parties "if the Estate is deemed to be the owner of the Mortgage Note."[7]

The trustee filed a motion for approval of the compromise pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, which appellants opposed. Appellants did not appear at the hearing on the motion, instead relying on their written opposition, and the bankruptcy court granted the motion. Appellants assert that such order was entered prematurely because the bankruptcy estate "owns nothing at this point in time and probably never will."[8] Appellants assert that the compromise is an attempt to circumvent the state court litigation and that it "thwarts any efforts on your Appellants' part to settle this matter amicably."[9]

## STANDARD OF REVIEW

The trustee's motion pursuant to Rule 9019 is a core proceeding. *See, e.g.*, 28 U.S.C. § 157(b)(2)(A), (K), (O); *In re Bradley*, No. 06-51740, 2007 WL 1500876, at *3 (Bankr. W.D. Tex. May 18, 2007); *In re Imperial Tooling & Mfg. Inc.*, 314 B.R. 340, 342 (Bankr. N.D. Tex. 2004). In reviewing the bankruptcy court's determination of "core" bankruptcy issues, "the district court is bound to review the bankruptcy court's decision under the same standards that

---

[3] R. Doc. No. 12-1, ¶ 13.
[4] R. Doc. No. 16, at 10.
[5] *See* R. Doc. No. 12-1, ¶ 13(h)(ii).
[6] R. Doc. No. 12-1, ¶ 17.
[7] R. Doc. No. 12-1, ¶ 13(d); *see also* R. Doc. No. 12-1, ¶ 13(c), (e).
[8] R. Doc. No. 17, ¶ 8; *see also* R. Doc. No. 12, ¶ 24.
[9] R. Doc. No. 12, ¶ 25.

[an appellate court applies] to an ordinary district court opinion." *Coston v. Bank of Malvern* (*In re Coston*), 991 F.2d 257, 261 n.3 (5th Cir. 1993) (citing *Griffith v. Oles* (*In re Hipp, Inc.*), 895 F.2d 1503, 1517 (5th Cir. 1990)). "This Court should review the Bankruptcy Court's approval of the compromise settlement for abuse of discretion." *Conn. Gen. Life Ins. Co. v. United Cos. Fin. Corp.* (*In re Foster Mortg. Corp.*), 68 F.3d 914, 917 (5th Cir. 1995) (citing *Sandoz v. Bennett* (*In re Emerald Oil Co.*), 807 F.2d 1234, 1239 (5th Cir. 1987); *Rivercity v. Herpel* (*In re Jackson Brewing Co.*), 624 F.2d 599, 602-03 (5th Cir. 1980)). However, "'[t]he abuse of discretion standard includes review to determine that the discretion was not guided by erroneous legal conclusions.'" *Brown Mfg. v. Mims* (*In re Coastal Plains*), 179 F.3d 197, 205 (5th Cir. 1999) (quoting *Koon v. United States*, 518 U.S. 81, 100 (1996)).

## LAW AND ANALYSIS

Rule 9019 provides, "On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." "A proposed settlement must be 'fair and equitable' and in the best interests of the estate." *The Cadle Co. v. Mims* (*In re Moore*), 608 F.3d 253, 263 (5th Cir. 2010) (citing *Am. Can Co. v. Herpel* (*In re Jackson Brewing Co.*), 624 F.2d 605, 608 (5th Cir. 1980)). "Five factors inform the 'fair and equitable' analysis: (1) the probability of success in the litigation, with due consideration for the uncertainty in fact and law; (2) the complexity and likely duration of the litigation and any attendant expense, inconvenience, and delay, including the difficulties, if any, to be encountered in the matter of collection; (3) the paramount interest of the creditors and a proper deference to their respective views; (4) the extent to which the settlement is truly the product of arm's-length bargaining and not fraud or collusion; and (5) all other factors bearing on the wisdom of the compromise." *Id.* (citing *In re Foster Mortg. Corp.*, 68 F.3d at 917-18).

The bankruptcy court held a hearing on April 16, 2014, with counsel for the trustee and for Lake Villas appearing. Counsel for appellants "contacted the Court prior to the Hearing and advised the Court that they waived their appearance at the Hearing and submitted their filed Opposition in lieu of an appearance."[10] The trustee's motion discussed the trustee's probability of success in litigation, the near certainty of an appeal, the probability that the settlement would result in full payment of the unsecured creditors,[11] and the arm's-length negotiation that precipitated the settlement.[12] Appellants' opposition advised the bankruptcy court of the status of the ongoing state court litigation, including appellants' suspensive appeal that stayed the effect of any state court resolution of the ownership of the property.[13] The bankruptcy court found "that the proposed compromise is fair and equitable and is in the best interest of the estate and its creditors," and it granted the motion and overruled the objection "based upon the Court's review of the pleadings, the arguments of counsel, and the entire record of this case."[14]

Based on the record, this Court does not find that the bankruptcy court abused its discretion in approving the conditional compromise. As noted above, the first four factors of *In re Moore* were explicitly discussed by the trustee in its motion. *See id.* The final catch-all factor includes a consideration of the ongoing and unresolved nature of the state court litigation, *see id.*, which appellants argued to the bankruptcy court through their opposition.[15]

---

[10] R. Doc. No. 1-1, at 1.
[11] R. Doc. No. 12-1, ¶¶ 17-18.
[12] R. Doc. No. 12-1, ¶ 19.
[13] *See In re Grodsky*, Bankruptcy Case No. 09-13383 (Bankr. E.D. La. Apr. 8, 2014), R. Doc. No. 75.
[14] R. Doc. No. 1-1, at 1.
[15] R. Doc. No. 1-1, at 1.

The compromise is expressly conditioned on a determination that the estate is the owner of the note.[16] The bankruptcy court made no finding or determination with respect to the ownership or disposition of any property. Although appellants claim that the possibility of settlement of the state litigation has been "thwarted,"[17] the trustee and Lake Villas remain free to pursue or not to pursue settlement with appellants. The compromise simply eliminates the need for any future litigation between the trustee and Lake Villas, and the trustee anticipates that it will result in full repayment of the allowed unsecured claims. Accordingly, this Court cannot find that the bankruptcy court abused its discretion in finding that such compromise is "'fair and equitable' and in the best interests of the estate." *Id.*

Appellants cite *Stern v. Marshall*, 131 S. Ct. 2594 (2011), for the proposition that "all matters related to your Appellants' Note in the Bankruptcy Court, including the Order Approving Compromise, should be continued, stayed, or otherwise postponed pending the determination by the appropriate state courts as to the ownership of your Appellants' property."[18] However, "[c]ourts considering *Stern*'s reach have uniformly concluded that *Stern* had little impact on bankruptcy courts' authority to enter final orders and judgments on motions to approve a settlement pursuant to Bankruptcy Rule 9019." *Realan Inv. Partners, LLLP v. Meininger* (*In re Land Res., LLC*), 505 B.R. 571, 580 (M.D. Fla. 2014) (discussing cases). Moreover, as noted above, the compromise explicitly states that it is only binding if the bankruptcy estate is determined to be the owner of the note in the state court litigation.[19] Accordingly, because the bankruptcy court did not purport to decide any state law claims, *Stern* has no applicability here.

---

[16] R. Doc. No. 1-1, at 2.
[17] R. Doc. No. 12, ¶ 25.
[18] R. Doc. No. 12, at 13.
[19] R. Doc. No. 1-2, at 2.

The Court notes that the parties' briefing focuses primarily on issues related to the state court litigation. As stated, because the compromise is conditioned on the outcome of that litigation, those issues have no relevance here. The evidence related to the true ownership of the note and the other areas of dispute between the parties, discussed at length in the briefs to this Court, have no bearing on the question of whether the bankruptcy court abused its discretion when it approved the conditional compromise.

## CONCLUSION

For the foregoing reasons, the bankruptcy court's order confirming the compromise between the trustee and Lake Villas is **AFFIRMED**.

New Orleans, Louisiana, October 8, 2014.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**